**BC**

**FILED**
5/22/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**GMC**

### UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GRACIELA DELA TORRE,  )
Plaintiff, Pro Se,  )
v.  ) Case No. 1:25-cv-13176
  )
DABDOUB LAW FIRM, et al.,  ) Hon. Georgia N. Alexakis
Defendants.  )

### PLAINTIFF'S REPLY TO DKT. 50 IN FURTHER SUPPORT OF HER MOTION AND CLARIFICATION OF THE RECORD

Plaintiff Graciela Dela Torre, appearing pro se, respectfully submits this Reply to Defendants' Response [Dkt. 50] and further clarifies the record as follows.

### I. PLAINTIFF'S APRIL 17, 2026 AUTHORIZATION WAS LIMITED TO THE JOINT MOTION FOR EXTENSION OF TIME (DKT. 40)

As shown on the docket entry for Dkt. 40, the following transaction was entered by Kevin Probst on April **17, 2026 at 5:20 PM CDT:**

- Case Name: Dela Torre v. Dabdoub Law Firm et al
- Case Number: 1:25-cv-13176
- Filer: Kevin Probst, ESQ.
- Document Number: 40

Dkt. 40, filed on April 17, 2026, was titled:

**"JOINT MOTION FOR EXTENSION OF TIME FOR PARTIES TO FILE JOINT INITIAL STATUS REPORT"**

Although the subject line of the April 17, 2026 email referenced a "Joint Initial Status Report," the communications on that date concerned the parties' request for an extension of time.

As shown on Dkt. 50-2, Page 2, on **April 17, 2026 at 4:47 PM,** Plaintiff wrote to Defendants:

> "I don't understand some of the stuff in the joint status report, but go ahead and file it, I gave you permission to add the signature as /s"

The timing of the filing and the surrounding communications reflect that Plaintiff's authorization pertained only to Dkt. 40, the "Joint motion for extension of time to file Joint Initial Status report.

### II. AUTHORIZATION FOR THE USE OF PLAINTIFF'S SIGNATURE IN DKT. 43 IS NOT REFLECTED IN THE RECORD

As shown on Dkt. 43, filed April 21, 2026, Defendants filed a document titled:

> "JOINT INITIAL STATUS REPORT"

This is a different document. Dkt. 40 sought an extension of time to file a Joint Initial Status Report. Dkt. 43 is the report itself and contains discovery deadlines, a discovery plan, and substantive statements regarding the case.

The record contains no indication that Plaintiff authorized the use of her signature, assent, or approval for Dkt. 43.

### III. DEFENDANTS' OWN EXHIBITS CONFIRM PLAINTIFF DID NOT AUTHORIZE THE USE OF HER SIGNATURE FOR DKT. 43

As shown on Dkt. 50-1, Pages 2–3, on April 21, 2026 at 5:14 PM, Plaintiff wrote:

> "Please include my version. Only then, I will sign the joint report."

As shown on Dkt. 50-1, Pages 3–4, Defendants responded:

> "We will not be revising our response."

As shown on Dkt. 50-1, Page 4, Defendants further stated:

> "We will not be sending it to you via DocuSign."

Nowhere in Dkt. 50-1 or Dkt. 50-2 does Plaintiff provide authorization for the use of her signature, assent, or approval for Dkt. 43.

### IV. DEFENDANTS' RESPONSE CONTAINS NO EVIDENCE OF AUTHORIZATION

As shown on Dkt. 50, Pages 1–3, Defendants do not attach any email or document in which Plaintiff authorizes the use of her signature, assent, or approval for Dkt. 43.

Defendants rely on Plaintiff's April 17, 2026 email; however, that communication pertains solely to Dkt. 40. Defendants further rely on April 21, 2026 communications, which reflect Plaintiff requesting revisions and Defendants declining those revisions. Those communications do not constitute authorization for Dkt. 43.

### V. THE RECORD SHOWS NO AGREEMENT ON THE PROPOSED JOINT REPORT

As shown on Dkt. 50-1, Pages 2–7, the record contains no indication that the parties discussed a schedule, including dates for initial discovery, prior to the filing of the proposed Joint Initial Status Report.

## VI. WHAT PLAINTIFF REQUESTS

Plaintiff respectfully requests that the Court take notice of the following:

1. Plaintiff authorized the use of her signature only for Dkt. 40 on April 17, 2026, as shown on Dkt. 50-2, Page 2.
2. Plaintiff's April 17, 2026 authorization was expressly limited to Dkt. 40 and cannot be construed as blanket, continuing, or general authorization for the use of her signature, assent, or approval on Dkt. 43, as reflected by the absence of any such authorization in Dkt. 50-1 or Dkt. 50-2.
3. The record, including Dkt. 50-1 through 50-3, contains no indication that the parties discussed a schedule, including dates for initial discovery, prior to the filing of the proposed Joint Initial Status Report.
4. The Court may direct the parties to complete a proper Rule 26(f) conference or otherwise set discovery deadlines by Order after Defendants answer or otherwise plead, consistent with Dkt. 44.


**CERTIFICATE OF SERVICE**

I certify that I filed this document through the Court's pro se filing system, which will serve all parties of record.

/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se
653 Wing St.
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Graciela Dela Torre

                Plaintiff,

v.

                              Case No.: 1:25−cv−13176
                              Honorable Georgia N. Alexakis

Dabdoub Law Firm, et al.

                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, April 22, 2026:

      MINUTE entry before the Honorable Georgia N. Alexakis: Telephonic rule to show cause hearing held on 4/22/2026. For reasons stated on the record, the Court found that the document appearing at Docket Entry 27 contains materially false representations and that Plaintiff submitted that document for filing or caused that document to be submitted for filing knowing that it contained materially false representations to the Court. The Court sanctioned Plaintiff as follows: (1) Plaintiff is barred from using the United States Marshals to effectuate service going forward in this case; (2) Plaintiff is warned that the next time she makes any materially false representation to the Court, including by citing to non−existent legal authority, this case will be dismissed with prejudice; and (3) if the case is dismissed with prejudice, the Court will make a recommendation to the Executive Committee to impose filing restrictions on Plaintiff. When responding to the Court's rule to show cause, Plaintiff requested that the Court recuse itself [33]. For reasons stated on the record, the Court denies that request. Plaintiff intends to file a third amended complaint, and Defendants did not object to that request. The Court therefore grants Plaintiff leave to file a third amended complaint by 4/29/2026. Defendants' answer or response to the third amended complaint is due by 5/29/2026. If Defendants respond to the third amended complaint with a motion to dismiss, the Court will set a briefing schedule. Plaintiff's motion for leave to file a second amended complaint [26] is denied as moot. For reasons stated on the record, the Court denies Plaintiff's renewed motion for appointment of counsel [37] and Plaintiff's oral motion to eliminate further use of the pro se portal. Mailed notice. (sxh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

**BC**

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GRACIELA DELA TORRE,
Plaintiff, Pro Se
v.
DABDOUB LAW FIRM, P.A., et al.,
Defendants.



**FILED** CVK

5/14/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No.: 1:25-cv-13176
Honorable Georgia N. Alexakis

### PLAINTIFF'S NOTICE OF DEFENDANTS' PREMATURE DISCOVERY AND REQUEST FOR CLARIFICATION

COMES NOW Plaintiff, Graciela Dela Torre, pro se, and respectfully notifies the Court as follows:

1. On April 29, 2026, Plaintiff filed her Third Amended Complaint [Dkt. 46].
2. On April 22, 2026, this Court ordered that "Defendants' answer or response to the third amended complaint is due by 5/29/2026." [Dkt. 44].
3. As of the date of this filing, Defendants have not filed any answer or response to the Third Amended Complaint.
4. Nevertheless, on May 13, 2026, Defendants emailed Plaintiff with documents titled "Defendants' Rule 26(a)(1) Initial Disclosures" and a copy of their professional liability insurance policy.
5. Plaintiff attaches hereto as Exhibit A Plaintiff reply to the email from Defendants dated May 13, 2026, transmitting said documents.
6. Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."
7. No Rule 26(f) conference has occurred because Defendants have not yet responded to the Third Amended Complaint. Without a response, there are no "defenses" to discuss as required by Rule 26(f)(2).
8. Plaintiff therefore requests clarification from the Court: How can Defendants serve discovery disclosures when they have not yet answered or otherwise responded to the Third Amended Complaint, and when no Rule 26(f) conference has occurred?

WHEREFORE, Plaintiff respectfully requests that the Court take notice of Defendants' premature disclosures and provide clarification as to whether Plaintiff is required to respond to them at this time.

Respectfully submitted this 14th day of May, 2026.

/s/ Graciela Dela Torre Pro Se
Kane County Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com

Gracie Dlt <gmestiza1@gmail.com>

# EXHIBIT A

---

## Why no draft of JSR? No Signature authorization from Gracie. Don't do it againt*Corrupted USB* 1:25-cv-13176 Dela Torre v. Dabdoub Law Firm et al.

1 message

---

**Gracie Dlt** <gmestiza1@gmail.com>                                     Sun, May 10, 2026 at 7:03 PM
To: Kevin Probst <kprobst@longtermdisability.net>, "Edward P. Dabdoub" <eddie@longtermdisability.net>, Geneses Strongarone <geneses@longtermdisability.net>

To All, For the record: Show me where I agreed to all those dates you unilaterally added to the Joint Status Report. I do not agree to them.

**Joint Status Report:** Y'all did not send me a draft for my review/approval, I did not authorize my signature. I expect transparency from y'all at all times.

No Rule 26(f) conference has occurred. Your disclosures are premature.

Please send my complete client file as PDFs. The USB is corrupted.

Graciela Dela Torre, Pro Se *I'm the Grace of God*

*Do not print this email unless is necessary*

On Wed, May 13, 2026 at 7:40 PM Gracie Dlt <gmestiza1@gmail.com> wrote:

> ```
> To All,
> I have received the USB however it is corrupted and I was not able to retrieve any of the inf
> ormation.
> Again, for the 4th time, I renew my request to receive PDF copies..
> 
> Graciela Dela Torre I'm the Grace of God ❤
> ```
> **Do not print this email unless is necessary**
> ```
> Sent from my iPhone
> ```

On Fri, Apr 24, 2026 at 3:32 PM Kevin Probst <kprobst@longtermdisability.net> wrote:
> Ms. Dela Torre:
>
> The USPS tracking number for the 2nd USB drive being mailed out today is 9468150105795000116842, and "Openup123!" is the password to open the documents.
>
> Regards,
>
>
> **Kevin Probst, J.D.**
> Disability Insurance & ERISA Attorney
>
> *Office*
> 305.754.2000
> *Fax*
> 305.754.2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**
Case No.: 1:25-cv-13176

GRACIELA DELA TORRE,

     Plaintiff,

v.

DABDOUB LAW FIRM, ET AL.,

     Defendants.

                               /

## DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES

Defendants Dabdoub Law Firm, P.A., Edward Dabdoub, and Kevin Probst submit the

following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and

the parties' Joint Initial Status Report [DE 43]:

**Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1. Kevin Probst, Esq.
   Dabdoub Law Firm
   1600 Ponce de Leon Blvd, Suite 1202
   Coral Gables, FL 33134
   Tel: 305-754-2000

   Defendant has knowledge regarding past representation of Plaintiff and communications with Plaintiff.

2. Edward Dabdoub, Esq.
   Dabdoub Law Firm
   1600 Ponce de Leon Blvd, Suite 1202
   Coral Gables, FL 33134

Tel: 305-754-2000

Defendant has knowledge regarding past representation of Plaintiff and communications with Plaintiff.

3. Geneses Strongarone
Dabdoub Law Firm
1600 Ponce de Leon Blvd, Suite 1202
Coral Gables, FL 33134
Tel: 305-754-2000

Litigation Paralegal has knowledge regarding Defendants' past representation of Plaintiff and communications with Plaintiff.

4. Amanda Lopez
Dabdoub Law Firm
1600 Ponce de Leon Blvd, Suite 1202
Coral Gables, FL 33134
Tel: 305-754-2000

Receptionist has knowledge regarding Plaintiff's alleged service attempts.

5. Justin Wax Jacobs
Nippon Life Insurance Company of America
666 Third Avenue, Ste. 2201
New York, NY 10017
Tel: 646-207-1379

Mr. Jacobs has knowledge regarding Defendant's past representation of Plaintiff.

Defendants reserve the right to supplement this list pursuant to Rule 26(e).

**Rule 26(a)(1)(A)(ii): A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

Pursuant to Plaintiff's request, Defendants have previously provided Plaintiff with documents

presently known to Defendants that Defendants may use to support their defenses in this action,

including documents relating to Defendants' past representation of Plaintiff, communications

between Plaintiff and Defendants, and filings from related litigation. Specifically, Defendants

2

sent Plaintiff these documents on a USB drive via USPS with delivery confirmation on April 9, 2026, and confirmed they were delivered to Plaintiff on April 13, 2026. In response to Plaintiff's contention that she did not receive the USB drive, Defendants mailed her the documents again on a second USB drive on April 24, 2026, and confirmed that Plaintiff received them on April 28, 2026. Defendants reserve the right to supplement or amend these disclosures pursuant to Rule 26(e).

**Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

Defendants do not presently seek affirmative damages. Defendants reserve the right to seek recovery of attorney's fees, costs, expenses, and any other relief permitted by applicable law, rule, statute, contract, or otherwise. Defendants further reserve the right to supplement or amend these disclosures pursuant to Rule 26(e).

**Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Concurrently with these Initial Disclosures, Defendants have produced to Plaintiff the Westfield Select Insurance Company Policy Declarations without admitting to its coverage, applicability, indemnity obligation, or notice to the carrier, and Defendants further reserve all rights.

*Respectfully submitted this May 13, 2026*

*/s/ Kevin E. Probst*
Kevin E. Probst (FBN. 51422)
kprobst@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net

3

DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel:  (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2026, a copy was served via email to the following:

Graciela Dela Torre
Gmestiza1@gmail.com
653 Wing St.
Elgin, IL 60123
T: (630) 670-5914

*/s/ Kevin E. Probst*
Kevin E. Probst (FBN. 51422)

4

**WESTFIELD SPECIALTY**℠

## LAWYERS PROFESSIONAL LIABILITY POLICY DECLARATIONS

**Insurer** Westfield Select Insurance Company   **Policy No.** LPP-508058P-00

| IMPORTANT NOTICE |
|---|

| THIS POLICY IS A CLAIMS MADE AND REPORTED POLICY. EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS POLICY COVERS CLAIMS FIRST MADE AND REPORTED TO THE INSURER DURING THE POLICY PERIOD OR THE EXTENDED REPORTING PERIOD (IF APPLICABLE). THE LIMITS OF LIABILITY AVAILABLE TO PAY LOSS SHALL BE REDUCED AND MAY BE EXHAUSTED BY THE PAYMENT OF DEFENSE COSTS. THIS POLICY IMPOSES A DUTY TO DEFEND ON THE INSURER. **PLEASE READ THIS POLICY CAREFULLY.** |
|---|

**Item 1.** **Named Insured and Address:**
Dabdoub Law Firm, P.A.
1600 Ponce De Leon Boulevard
Suite 1202
Coral Gables, FL 33134-4095

**Item 2.** **Policy Period:** From: 11/09/2025 To: 11/09/2026
12:01 a.m. local time at the address shown in Item 1.

**Item 3.** **Limits of Liability*:**

**(A)** **Claims** Limits of Liability

| | | |
|---|---|---|
| **(i)** | Each **Claim** Limit: | $500,000 |
| **(ii)** | **Claims** Aggregate Limit: | $1,000,000 |
| **(iii)** | Additional **Defense Costs** Limit: | $25,000 |

**(B)** **Disciplinary Proceedings Defense Costs** Limits of Liability

| | | |
|---|---|---|
| **(i)** | Each **Disciplinary Proceeding Defense Costs** Limit: | $35,000 |
| **(ii)** | **Disciplinary Proceedings Defense Costs** Aggregate Limit: | $100,000 |

**(C)** **Crisis Management Costs** Limits of Liability

| | | |
|---|---|---|
| **(i)** | Each **Crisis Event** Limit: | $50,000 |
| **(ii)** | **Crisis Events Aggregate Limit**: | $50,000 |

| | | |
|---|---|---|
| **(D)** | **Pre-Claim Expense** Limit: | $50,000 |
| **(E)** | **Subpoena Coverage** Limit: | $30,000 |
| **(F)** | Attendance at Trial Limits | |

| | | |
|---|---|---|
| **(i)** | Per Day Per **Insured Person**: | $750 |
| **(ii)** | Each **Claim**: | $12,500 |
| **(iii)** | Per **Policy Period** (For all **Claims** and all **Insureds**): | $60,000 |

| | | |
|---|---|---|
| **(G)** | Cyber **Claim** Sublimit: | $25,000 |

LL 00100 0923   Page 1 of 2   ©2023 Westfield Specialty℠. All Rights Reserved.

*If no limit or sublimit is scheduled in Items 3(B) through 3(G) above, coverage shall not be provided under such Insuring Agreements or the Cyber **Claim** Sublimit, as applicable.

**Item 4.**      **Retentions:**

     **(A)**      Each **Claim** Retention:      $5,000

     **(B)**      Aggregate **Claim** Retention:      Per Claim

**Item 5.**      **Retroactive Date:**      11/09/1998

**Item 6.**      **Extended Reporting Period:**

Additional Period:      Additional Premium:

     **(a)**      One (1) year      100.00% of Annual Premium

     **(b)**      Two (2) years      185.00% of Annual Premium

     **(c)**      Three (3) years      225.00% of Annual Premium

     **(d)**      Five (5) years      275.00% of Annual Premium

     **(e)**      Unlimited      300.00% of Annual Premium

**Item 7.**      **Notice to Insurer:**

     **(a)**      Notice of **Claim** or Circumstances:

     Westfield Select Insurance Company
One Park Circle Westfield, Ohio 44251
Attn: Specialty Claims Department
Email: WestfieldProClaims@westfieldgrp.com
Telephone: 1-800-243-0210

     **(b)**      All Other Notices:

     Westfield Select Insurance Company
One Park Circle Westfield, Ohio 44251
Attn: Specialty Underwriting Department
Email: WestfieldSpecialty@westfieldgrp.com
Telephone: 1-800-243-0210

**Item 8.**      **Premium:**    $10,691

Date: 10/22/2025

_____
Authorized Representative